UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWAYNE STEVEN MONTGOMERY,<br>Plaintiff,<br>v.<br>A. RENTERIA, et al.,<br>Defendants. | No. 1:26-cv-04560-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF STATE LAW CLAIM<br><br>(ECF No. 11) |

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's first amended complaint, filed August 28, 2026.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## SUMMARY OF ALLEGATIONS

The Court accepts Plaintiff's allegations in his complaint as true *only* for the purpose of the screening requirement under 28 U.S.C. § 1915.

On October 6, 2025, at approximately 11:15 a.m., officers A. Renteria and J. Fernandez physically assaulted Plaintiff. While Renteria and Fernandez were escorting Plaintiff back to his cell he stopped in front of inmate Gonzales's cell to retrieve some coffee. Fernandez positioned himself directly in front of Plaintiff to prevent him from going into Gonzales's cell. As Plaintiff turned away from Fernandez to retrieve his walker, Fernandez grabbed a hold of Plaintiff's right elbow startling him causing him to spontaneously pull his elbow away from Fernandez's grip. Later, and again without warning, Fernandez attempted to take hold of Plaintiff's injured elbow. As Plaintiff was trying to explain that his elbow was injured, Fernandez suddenly charged toward

Plaintiff with both arms extended and grabbed him by the neck. Plaintiff immediately became fearful for his safety and began backing away from Fernandez, and when he reached the wall he saw officer Renteria join the assault. Renteria struck Plaintiff on the left side of his face twice and then Plaintiff fell to the concrete ground. Plaintiff felt a sharp pain in his right shoulder area. After Plaintiff was on the ground, Renteria began "showering" his facial area with a barrage of "punches, repeatedly, as if he was trying to break bones" as Plaintiff was in and out of consciousness.

**III.**

**DISCUSSION**

**A. Excessive Force**

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. Hudson v McMillian, 503 U.S. 1, 5 (1992) (citations omitted). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832–33 (1994) (quotations omitted).

"[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is...whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 6-7. Relevant factors for this consideration include "the extent of injury... [,] the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.' " Id. (quoting Whitley v. Albers, 475 U.S. 1078, 1085 (1986)). Finally, because the use of force relates to the prison's legitimate penological interest in maintaining security and order, the court must be deferential to the conduct of prison officials. See Whitley, 475 U.S. at 321–22. Not "every malevolent touch by a prison guard gives rise to a federal cause of action." Id. at 9. De minimis uses of physical force do not violate the

constitution provided that the use of force is not of a sort "repugnant to the conscience of mankind." Whitley v. Albers, 475 U.S. 312, 327 (1986) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976).

Here, liberally construed, Plaintiff's allegations are sufficient to give rise to a cognizable claim for excessive force against Defendants J. Fernandez and A. Renteria.

**B. State Law-Bane Act Claim**

Plaintiff seeks relief under the Tom Banes Act pursuant to California law. However, for the reasons explained below, the Court lacks subject matter jurisdiction.

Under California law, in order to state a tort claim against a public entity or public employee under state law, a plaintiff must allege compliance with the presentment of claims requirements of the California Government Claims Act. See Cal. Gov't Code §§ 945.4, 950.2; Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 627 (9th Cir. 1988); Fisher v. Pickens, 225 Cal. App. 3d 708, 718, 275 Cal. Rptr. 487 (1990).

The Act's claims presentation requirements apply to state prisoners. Cal. Gov't Code § 945.6(c). "Before a civil action may be brought against a public entity [or public employee], a claim must first be presented to the public entity and rejected." Ocean Servs. Corp. v. Ventura Port Dist., 15 Cal. App. 4th 1762, 1775, 19 Cal. Rptr. 2d 750 (1993); Cal. Gov't Code § 945.4 (generally barring suit "until a written claim therefor has been presented to the public entity and has been acted upon by the board, or has been deemed to have been rejected by the board"1). Claims for "injury to person or to personal property" must be presented within six months after accrual. See Cal. Gov't Code § 911.2(a); City of Stockton v. Superior Court, 42 Cal. 4th 730, 738, 68 Cal. Rptr. 3d 295, 171 P.3d 20 (2007). A claimant who misses the six-month limitations deadline may file a written application with the public entity for leave to present the late claim within one year of the date of accrual of the cause of action, stating the reason for the delay. Cal. Gov't Code § 911.4. The claimant has six months after a denial of the application to file a petition in the Superior Court for an order relieving the claimant of section 945.4. Cal. Gov't Code § 946.6.

///

Here, as Plaintiff's original complaint, Plaintiff's amended complaint does not allege timely and proper compliance with the claims presentation provision of the Government Claims Act. "[F]ailure to timely present a claim for money or damages to a public entity bars a plaintiff from filing a lawsuit against that entity." City of Stockton v. Superior Court, 42 Cal. 4th at 738 (citation and internal quotations omitted). "Compliance with California's claim filing statute is ... an element of a cause of action against the state." United States v. State of Calif., 655 F.2d 914, 918 (9th Cir. 1980) (citations omitted). "Complaints that do not allege facts demonstrating either that a claim was timely presented or that compliance with the claims statute is excused are subject to a general demurrer for not stating facts sufficient to constitute a cause of action." Rubenstein v. Doe No. 1, 3 Cal. 5th 903, 906, 221 Cal. Rptr. 3d 761 400 P.3d 372 (2017) (citation and quotations omitted).

In addition, although a federal court may exercise supplemental jurisdiction over state law claims, it may decline to do so over state law claims where it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); see also Carnegie–Mellon Univ. v. Cohill, 484 U.S. 343, 351 (1998) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendant jurisdiction doctrine judicial economy, convenience, fairness, and comity-will point toward declining to exercise jurisdiction over the remaining state-law claims."). Thus, Plaintiff has failed to state a cognizable claim under the Bane Act.

**C. Further Leave to Amend**

Because Plaintiff's first amended complaint is deficient for the same reasons as those articulated in the Court's prior screening order, and Plaintiff has failed to remedy those deficiencies as to his deliberate indifference claim, the Court finds he cannot cure his pleadings and granting further leave to amend would be futile. See Hartman v. CDCR, 707 F.3d 1114, 1129-30 (9th Cir. 2013) (affirming dismissal of first amended complaint and finding leave to amend futile where complaint's allegations belied plaintiff's entitlement to relief). Accordingly, the Court will recommend that the deliberate indifference claim be dismissed from the action.

///

## IV.

## ORDER AND RECOMMENDATIONS

Based on the foregoing, it is HEREBY ORDERED that the Clerk of Court shall randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's first amended complaint (ECF No. 11) against Defendants J. Fernandez and A. Renteria; and
2. Plaintiff's state law claim be dismissed from the action for failure to state a cognizable claim for relief.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages. Any pages filed in excess of the 15-page limit may not be considered. Exhibits shall not be filed with objections, but they may be referenced by the document and page number. No new exhibits may be filed with objections.** The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate [judge's] factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **September 3, 2026**

STANLEY A. BOONE
United States Magistrate Judge