**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DWAYNE STEVEN MONTGOMERY,<br>Plaintiff,<br>v.<br>A. RENTERIA, et al.,<br>Defendants. | Case No. 1:26-cv-04560 JLT SAB<br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN PART<br>(Doc. 13) |

Dwayne Montgomery is proceeding pro se and in forma pauperis in this civil rights action against two officers of the California Department of Corrections and Rehabilitation. The matter was referred to the assigned magistrate judge under this district's local rules, and the magistrate judge has screened the complaint under 28 U.S.C. § 1915A(a). (Doc. 13.) The magistrate judge found that Montgomery's complaint states a claim for relief under 42 U.S.C. § 1983 and the Eighth Amendment. (*Id.* at 3–4.) The magistrate judge recommends dismissing plaintiff's second claim under the California Tom Bane Civil Rights Act for lack of subject matter jurisdiction or for failure to state a claim. (*See id.* at 4–5.) Plaintiff objects to that portion of the Findings and Recommendations. (Doc. 14.) The court has reviewed that issue de novo. *See* 28 U.S.C. § 636(b)(1).

Montgomery's state and federal claims are based on the same events, so they are part of the same "case or controversy" under Article III. 28 U.S.C. § 1367(a). Because this Court has

original jurisdiction over Montgomery's federal claim under 28 U.S.C. § 1331, it therefore also has jurisdiction over his state law claim under § 1367(a). The magistrate judge recommends declining to exercise supplemental jurisdiction over the state law claim under § 1367(c)(3), which gives district courts discretion not to exercise jurisdiction over state law claims if they have dismissed the claims over which they had original jurisdiction. (Doc. 13 at 5.) That provision is not relevant here because the Court has not dismissed the federal claim over which it has original jurisdiction.

The magistrate judge also recommends dismissing Montgomery's state law claim for failure to allege that he has satisfied the presentation requirements of the state's Government Claims Act. (*Id.* at 4–5.) As Montgomery points out in his objections, his pleading does attach exhibits about his efforts to present his claim. (*See* Doc. 14 at 1–3.) The body of his amended complaint also states that he submitted an internal inmate grievance about the same events. (*See* Doc. 11 at 3.) It is plausible to infer at this early stage that these submissions satisfied the relevant state requirements. *See, e.g.*, *Stockett v. Ass'n of Cal. Water Agencies Joint Powers Ins. Auth.*, 34 Cal. 4th 441, 446 (2004) ("[A] claim need not contain the detail and specificity required of a pleading, but need only fairly describe what the entity is alleged to have done." (citation, quotation marks, and alteration omitted)); *Simms v. Bear Valley Cmty. Healthcare Dist.*, 80 Cal. App. 5th 391, 400 (2022) (discussing the doctrine of "substantial compliance."). The Court declines to adopt the recommendation to dismiss claim two.

For these reasons, the Court **ORDERS** as follows:

(1) The Findings and Recommendations (Doc. 13) are **ADOPTED IN PART.**

(2) This action will proceed on claims one and two plaintiff's first amended complaint against defendants Fernandez and Renteria.

///

///

///

///

///

(3) The matter is referred back to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated: November 6, 2026

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE